**STATE of Minnesota, Appellant,**

v.

**William A. CHRISTENSON, Respondent.**

**No. 49971.**

Supreme Court of Minnesota.

May 11, 1979.

Randolph T. Brown, Asst. County Atty., Long Prairie, for appellant.

Flora, Larson & Baland and Stephen P. Larson, Long Prairie, for respondent.

PER CURIAM.

■ This is a pretrial appeal pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from orders of the district court suppressing identification testimony and dismissing the prosecution of defendant on a charge of illegal sale of liquor to a minor, which is a gross misdemeanor. Although an order dismissing a prosecution for lack of probable cause or in the interests of justice is not appealable, an order suppressing evidence is appealable under the rule. Since the dismissal was ordered only because the state felt it could not proceed without the suppressed evidence, this appeal is really one from a suppression order. We reverse that order, vacate the dismissal, and remand for trial.

Without detailing the evidence which the state will adduce at trial, it appears that the key element underlying the court's order was a concern that a one-on-one confrontation between the state's key witness and the defendant at a conciliation court hearing in a civil suit arising out of the alleged illegal sale had so tainted the witness' ability to identify defendant that a subsequent photographic identification and the expected in-court identification of defendant at trial were unreliable.

■ The record indicates that neither the complaining officer nor the prosecutor handling the case was cognizant of or responsible for the confrontation at the conciliation court hearing. Therefore this case is not analogous to the counsel-less preliminary hearing confrontation condemned in *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), and the suppression of the evidence is not necessary to deter any police or prosecutorial misconduct since no such misconduct occurred.

■ Our concern accordingly is with the matter of the reliability of the identification testimony. The test which we apply is the test which is used in determining whether in-court or out-of-court identification testimony should be suppressed because suggestive identification procedures were used. The test is the one set forth in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and explicated in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The focus of the test is the reliability of the identification, and the suggestiveness of the identification procedures used and a number of other relevant factors are considered in determining whether there was a "very substantial likelihood of irreparable misidentification." The *Biggers-Manson* test is the same whether the issue is the admissibility of testimony concerning a pretrial identifi-

cation of the defendant or in-court identification testimony.[1]

Applying this test to the facts of this case, we conclude that under all the circumstances there was no "very substantial likelihood of irreparable misidentification" and that therefore the evidence should not have been suppressed.

Reversed, dismissal vacated, and remanded for trial.

1. When the contention is that the defendant's right to counsel was violated, the test is different depending on whether the identification testimony being offered was of a pretrial identification or was in-court identification testimony. Evidence of a pretrial but postindictment lineup identification of a defendant in violation of his right to counsel is *per se* inadmissible, but the in-court identification is admissible if it had a source independent of the counsel-less lineup. Determining whether the in-court identification had an independent source requires the same basic analysis one makes in determining admissibility of both in-court and out-of-court identification of a defendant challenged on due process grounds.